IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 29 2021

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

Terance-DeJuan Wilson _____, Plaintiff

v.

Jeff Long, SCF Warden ~~_____~~ ,

Dean Williams, Executive director, DOC-CDC ~~_____~~ ,

Osvaldo Soto, C.S.P. _____,

C/O Nathan Larimore, C.C.F. _____, Defendant(s).
"See attached."

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

Original of this form was provided by the CODOC Legal Access Program at no cost to Offender Wilson, T #117681 on October 6, 2021

.... Continued List of defendants.

Terance DeJuan Wilson, Plaintiff

V.

Jeff Long, SCf Warden
Dean Williams, Executive director, DOC-CDC,
Osvaldo Soto, Clinician C.S.P.,
C/o Nathan Larimore, C.C.f.,
Sgt. Soto, C.C.f.,
Grace Novotny, DOC OIG Chief Investigator,
Clinician Merick, C.C.f.,
Clinician Benton, C.C.f.,
Lt. Mindi Trujillo, C.C.f.,
C/o Harris, C.C.f.,
Captain Wallace, S.C.f.
Sgt. Stice, CCf.

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Terance D. Wilson #117681 P.O. box 6000 Sterling Correctional facility, Sterling Colorado, 80751
(Name, prisoner identification number, and complete mailing address)

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
✓ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) _____


## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Jeff Long, Warden P.O. box 6000 Sterling Co, 80751
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

Jeff Long was employed as Warden of Sterling

Defendant 1 is being sued in his/her ✓ individual and/or ✓ official capacity.

2

Original of this form was provided by the CODOC Legal Access Program at no cost to Offender Wilson, T #117681 on October 6, 2021

Original of this form was provided by the CODOC Legal Access Program at no cost to Offender Wilson, T #117681 on October 6, 2021

Defendant 2: Dean Williams, Executive Director of CDOC
(Name, job title, and complete mailing address)
PO box 6000 Sterling, Co 80751

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

Dean is Supervisory and D.O.C. Director. he is an employee of C.D.O.C.

Defendant 2 is being sued in his/her ✓ individual and/or ~~official~~ TW capacity.

Defendant 3: Osvaldo Soto, Clinician, CSP
(Name, job title, and complete mailing address)
PO box 777 Canon City, Co 81215

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

Soto is a Clinician at C.S.P., and an employee of C.D.O.C.

Defendant 3 is being sued in his/her ✓ individual and/or ~~official~~ TW capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓ 42 U.S.C. § 1983 (state, county, and municipal defendants)

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___ Other: (*please identify*) _____

"B. Additional Defendant(s) Information"

Defendant #4: Nathan Larimore, C.O.
PO box 6000
Canon City, Co 81215
at the time the Claims arose from this Complaint, this defendant was acting under Color of State or federal law. He was employed by the Colorado Dept. of Corrections. This defendant is being Sued in his individual Capacity.

Defendant #5: Sgt. Soto, C.C.f. PO box 6000, Canon City, Co 81215
at the time the Claims in this Complaint arose the defendant was acting under the Color of State or federal law. Soto was employed by the CDOC and is being Sued in his individual Capacity.

Defendant #6: Grace Novotny, DOC OIG Chief Investigator. PO box 6000 Canon City, Co 81215 — At the time the Claims in this Complaint arose the defendant was acting under the Color of State or federal law. Novotny was the PREA Liason as O.I.G. Chief Investigator. Headquartered at CDOC, an employee of CDOC. She is being Sued in her individual Capacity.

Defendant #7: Clinician Merick, C.C.f. PO box 6000 Canon City Co. At the time the Claims in this Complaint arose the defendant was acting under the Color of State or federal law. ~~~~~~~~ Dr. Merick was employed by the CDOC. She is being Sued in her individual Capacity.

Defendant #8: Clinician Benton, C.C.f. PO box 6000 Canon City Co. At the time the Claims in this Complaint arose the defendant was acting under the Color of State or Federal Law. Dr. merick was employed by the C.D.O.C. He is being Sued in his individual Capacity.

Defendant #9: Lt. Mindi Trujillo, C.C.f. PO box 6000 Canon City, Co. At the time the Claims in this Complaint arose the defendant was acting under the Color of State or federal law. ~~~~~~ She was employed by the CDOC. She is being Sued in her individual Capacity.

Defendant #10: C.O. Harris, C.C.f. PO box 6000 Canon City, Co. At the time the Claims in this Complaint arose the defendant was acting under the Color of State or Federal law. He was employed by the C.D.O.C. He is being Sued in his individual Capacity.

Defendant #11: Captain Wallace, S.C.f. PO box 6000, Sterling Co 80751. At the time the Claims in this Complaint arose the defendant was acting under the Color of State or federal law. He was employed by the C.D.O.C. He is being Sued in his individual Capacity.

<u>Defendant #12</u>: <u>Sgt. Stice</u>, po box 600, Canón City 81215. At the time the Claims arose from this Complaint, this defendant was acting Under Color of State or Federal law. He was employed by the CDOC. This defendant is being Sued in his individual Capacity.

Original of this form was provided by the CODOC Legal Access Program at no cost to Offender Wilson, T #117681 on October 6, 2021

### D.   STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: "Campaign of retaliatory harassment"

Supporting facts:

1. The defendants were aware that Plaintiff was incarcerated under hostile conditions after a conviction of killing a member of Sureno's street gang and for 10 years, the plaintiff was the victim of targeted death threats & a hundred attempts to kill and seriously injure plaintiff. Administrative officials 'defendants' nefariously schemed to retaliate against plaintiff for his Constitutionally protected right to file prison grievances under the First Amendment, and pursue Civil litigation, in the Courts. This activity occurred between February 2021 and persist. The incidents were grieved and also referred to PREA hotline who owes a duty to preserve video of campaign.

2. The defendants have constantly refused the plaintiff due-process and continue to incite and promulgate violence and creation of hostile environments, subjecting the plaintiff to humiliations, harassments, steady barrage of false accusations and petty intimidations, and assaults all in an effort to interfere with plaintiff's civil litigation, and present their own false narrative, by intention & interference desiring to discriminate maliciously and "make plaintiff an aggressor" Each time the plaintiff establishes such proof & "allegations against plaintiff, adverse efforts, are stalled, and in two instances, at least, disciplinary proceedings were conducted without basic procedural safeguards. These hearings were recorded and will be on record.

3. Plaintiff is a high-profile inmate amongst staff and inmates. Several cases were widely publicized in Colorado and Nationwide, including, Plaintiffs Lawsuits Denver Post published on Dec. 20 2017, and the Prison Legal News published on Dec. 19 2017.

4. On or about 4/25/21 Plaintiff was in a very hostile environment that Intel and administration had intentionally forged, when Clinician Soto went to his door, intentionally and out-loud discussing a "Confidential" PREA call. This is in violation of State law and Federal Prea regulations. Soto was absolutely aware of this and his action was intentional. He winked and smiled at plaintiff. Then riled up the pod. Again, Plaintiff called PREA to report this action and save the video of the misconduct.

5. Due to his outrageous action the neighbor, a white Supremacist began accosting me as a "Snitch and began to make threats. On 4/27/21 This inmate continued this tirade, got drunk and high and threatened and harassed plaintiff for 1½ hour while staff encouraged and looked on. Plaintiff and several inmates tried to get the Supervisors to intervene. After five accostings, plaintiff walking away from each, Plaintiff was forced to defend himself. He injured a shoulder, hand, neck and was subjected to inadequate medical treatment. These actions by administration at C.S.P. and defendant Soto were intentional and the consequences foreseeable.

4

P4

6. On or about 5/30/21 Plaintiff met with observation/Intake Clinician Merrick at Centennial Correctional Facility. She immediately told plaintiff, defendant Clinician Soto and administration were making efforts to influence her decisions because I "was involved in Several lawsuits against CDOC.", She said they didn't want me "Spying" and suing C.C.f. as well, because "admittedly" the program was very flawed, and 20 out of 24 Clinicians had recently resigned because of administrative abuses. She stated that obviously the program could not help me, but they were in "Sham" offering it to tell the Courts, "at least we offered." She then told me she was already conflicted because the Attorney Generals office had already subpoena'd her records on me.

7. PREA reporting is an agency legally obligated to Preserve video & Investigate harassment and violence in prisons. To establish a pattern, practice, custom of misconduct and zero accountability, and Staff/Administrative interferences exclusively to retaliate against me for my First amendment. C/o Nathan Larimore, Sgt. Stice, C/o Harris, Mindi Trujillo, Sgt. Soto and Clinician Benton Subjected the plaintiff to conditions and practices of constant reprisals, beatings, threats of beatings and particularly repressive tactics in retaliation. Each expressly stated their disdain and contempt for my legal activities and intent to have me terminated from the program; with the exception of Merrick.

8. Intel and Lt. Little, wife of C.S.P's Warden Little commenced inevitable and completely foreseeable intentional and purposeful discrimination with a disparate impact singling out a particular group of black inmates for disparate treatment, and nefariously Schemed this course of action for the purpose of causing adverse effects on this identified group of known violent troublemakers. Over a period from 5/30 - 7/25/21 Defendants Larimore, Stice, Mindi Trujillo, Sgt. Soto, C.O. Harris showed deliberate indifference to the hostile work environment, and conditions of Confinement by a calculated pattern of harassment efforts to pit the black inmates against each other. The Plaintiff was a model prisoner, the others were outrageous and violent and program non-compliant. The plaintiff expressed discomfort from stress experienced in that environment individually to each defendant named herein. Larimore, Stice each stated 'administration wants to see you guys go at it so they can get you all out of here. We've been trying to get Hudson & Schull out of here forever." Plaintiff relayed this to Supervisor Eckert who immediately informed Mindi Trujillo and Lt. Hansen. This pattern of racially based treatment was conferred to Trujillo. She told the plaintiff "Just let those two fight & dont interveine. She said Hudson keeps calling his mom on her staff and his mother is a C/o in Chicago, and that She was ignoring his kites. The whole time Schull and Hudson were making PREA reports against me, and threatening me. Each of the defendants were aware.

9. On 7/24/21 Larimore who had made several threats against us, blacks, continued to make racist jokes, and stated tonights the night Schull and Hudson fight to myself and Hudson. Stice, Larimore and other staff were aware that Hudson and Schull had been fighting verbally all week and running in and out of each others cells. They also stated that Hudson was supposed to be on lock-down, because a couple hours earlier he had assaulted and harrassed a sex-offender. Instead they violated D.O.C. Policy and regulations and continued to goad and incite. As the pod porter I was subjected to clean the entire pod after lock-down. Hudson was supposed to be locked down at past 9:00 P.m. Larimore and Stice continued to goad him creating a conflict. Hudson had to be managed and verbally reprimanded by me, because Staff, Larimore, Stice, Trujillo were deliberately indifferent and failed to restore official control over a tumultuous cellblock. "Its obduracy + wantonness in bad-faith prohibited by the U.S. Const. amend. VIII." Scher V. Engelke, 943 F. 2d 921 (HN3).

10. On 7/24/21 after this incident I spoke to Lt. Trujillo who was "Shift-Commander." She failed to interveine or protect. Though she acknowledged each of my concerns and that she knew that this had all been going on for some time, and had received my kites from Sgt. Eckert regarding staff misconduct and instigating of Hudson and Schull, and she reaffirmed that Admin. was doing everything to get them terminated from C.C.f.

11. On 7/24/21 after lockdown, at around 11:30 p.m. a Sgt. Soto, formerly of C.S.P. and with all of that prejudiced, and a personal history of him threatening my life and causing several of the occassions wherein I was attacked and assaulted. Each occassion I grieved and will establish his personal vendetta. As well I called PREA so its on video. Sgt. Soto entered the pod and told Hudson and Schull to jump me, because when I was speaking to Trujillo. C/o Larimore informed Hudson and Schull falsehoods that would jeopardize my life and safety. Sgt. Soto then and egregiously and nefariously began to call me a "Snitch" and that I'd "ratted" on him at C.S.P. by excercising my first amendment grievance. This action meets every (5) elements of Rhodes V. Robinson... elements of a retaliation claim. Sgt. Soto stated, "Its open season guy's get him." and told Hudson to put his clothes on, "Wilson told Trujillo about the cash. We have to do it off-camera. The "Cash" was 16$ a 10,1,5 dollar bills that Hudson had been attempting to give me, then plant in my cell. Hudson told me that He was given the money to give to me by Soto and Torres.' He did this on camera and flashed it to me about 5 times and explained staff were using him to set me up but he didn't want to. I called PREA to preserve these video's. Soto removed Hudson from his cell from 11:45 - 4:00 Am.

12. Due to Larimore, Stice, Sgt. Soto, Trujillo deliberate actions on 7/25/21 Plaintiff was accosted and attacked early in the morning by Hudson & Schull. This left me with a strained neck and severe trauma, also a hand injury, and my genitals pulled & strained for several weeks.

13. For the next month Stice, Larimore, Harris provoked me daily telling me we're going to make sure you're kicked out of R.T.P. Threatening to beat me up etc. I wrote the details in grievances weekly and its recorded by PREA. Stice and Larimore, during a period of 45 days shook my cell down 29 times, destroying my property, pictures etc. and promised to every time I filed a grievance, "Snitched" to mental health etc. Several times to humiliate me Stice Harris and Larimore forced me to intake to be strip searched, and deprived of sleep for 10-15 hours, simply for seeking mental health services...' The prohibition against retaliatory punishment is "Clearly established law" in the 9th Circuit, for qualified immunity purpose. The infliction of harms other than a "Total chilling effect" can establish liability for such conduct." Rhodes V. Robinson, 408 F.3d 559. (#N10)

14. On 8/21/21 while taking me to the shower C/o Larimore continued to call me a "rat" and puffing out his chest and telling me, "when are you going to do something?" I immediately knew to not respond. Then I went to my cell and reported this to PREA. After that in reprisal and to follow up on their threats, at yard on 8/21/21 Larimore, Harris and Stice assaulted plaintiff using excessive force. The whole time of the assault Larimore used racist threats and intimidations and he and Stice made comments to the effect, "what did we tell you about calling PREA. I was in handcuffs and shackles.

15. On or about 7/20/21 Clinician Kevin Moore came to inform me to be careful. He stated that he couldn't help me so he was also going to resign. He said Administration and my bosses want me to lie, and I cannot do that. They're after you, they do that to anyone involved in litigation. They wont accept your diagnosis, or the fact that you genuinely care about people. They dont care about facts. Benton doesn't want you here because of your litigation. The whole program is a sham.

16. Grace Novotny was the Chief Investigator for CDOC Headquartered PREA & OIG and I spoke to her as well as my family on many occassions. She had an office, title and duty to intervene, but was deliberately indifferent, though she had the video's and was aware of C.C.F. Culture from extensive staff complaints and O.I.G. Investigations and Resignation of 9/10ths of Clinicians. Dr. Merrick, and Clinician Benton & Administration violated 28 CFR 42.104, 'a federal regulation prohibiting discrimination in any program receiving federal funds. SEC V. Suter, 732 F.2d 1294, 1300 (7th Cir. 1984) - We stated several staff and therapists, and witnesses credibility should be assessed by jury. Obviously there will be more discovery.

17. Clinician Merrick, Clinician Benton, Osvaldo Soto, Executive Director Dean Williams under the Due Process Clause of the 14th Amendment, Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed. 2d 758 (1962), is not limited to specific acts directed at selected individuals, but is equally pertinent to general conditions of confinement that may prevail at a prison." The Superintendent shall be vested with exclusive management and control of the prison system & all properties belonging thereto, subject only to the limitations of this act and shall be responsible for the management of affairs of the prison system and for the proper care, treatment and management of the prisoners confined therein."

18. Grace Navotny as Chief Investigator of the O.I.G. failed to enforce State law and the responsibility of the O.I.G. by reason of prejudice, and because the video exposes a pattern of Equal Protection Violations, excessive force, retaliations and she failed to remedy, or impose liability over specific evinced deprivations. The absolute disregard and deliberate indifference from the O.I.G. is the vehicle by which caused continued deprivations of my Constitutional rights. Supportive incidents establish biased and prejudice inaction. Dean Williams as executive director is responsible for yearly audits and was aware of the conditions at C.C.F., S.C.F., and the O.I.G. yet he signed off yearly, despite violations.

19. C/O Nathan Larimore wrote a perjurous write-up of the assault against me, as he and Lt. Mair threatened, if I "didn't leave it alone," because I continued to voice my complaint, write grievances and call PREA, in bad-faith and maliciously I received a retaliatory write-up for assault & was charged $200.00, with no evidence, witnesses or due-process and the C.O.P.D record as well as material evidences establish a fraud and retaliation. Nathan Larimore first threatened reprisals and took unconstitutional actions that were reprehensible and outrageous, in torturing me. During the hearing I was denied due-process. (Procedural) under Wolf v. McDonnell, 418 U.S. 539 (1974). The rule is established. If the prison subjects you to treatment or conditions that are atypical & significant hardship in relation to the ordinary incidents of prison life, plaintiff must be provided with levels of process. The COPD hearing will show that plaintiff was deprived of two important levels.
   (1) The right to call witnesses at the hearing,
   (2) a fair & impartial decision-maker at the hearing,
   (3) The right to present a defense.
and the effort was in bad-faith and meant to cover-up the defendants actions and prejudice the plaintiff from seeing evidence, or presenting a case.

20. As a result of this false statement, "Campaign of harassment", retaliations. Plaintiff was subjected to one year in Solitary Confinement, suffering excruciating mental pain from isolation, and guards who continue to harass plaintiff and a class of vulnerable inmates, and blacks.

21. Upon Plaintiff's return to S.C.F. on or around 9/15/21, The plaintiff became subjected to the same reprisals by Lt. Orin, Captain Wallace, and Warden Long as before. Plaintiff accumulated enough evidence by PREA calls and video preservation to show Captain Wallace and several other staff working with Sureno's and 2-11's to torment plaintiff and make his time, behind doors absolutely miserable. Plaintiff spoke to Warden Long several times prior and the degrading conditions persist.

Long is S.C.F. Warden, and Captain Wallace is the M.C.C. "boss." Long and Wallace are very well aware of administrations purposeful and intentional discrimination against black inmates, and a vulnerable class who are not "gang-members" in violation of plaintiff's 14th amendment right to Equal Protection. Additionally administration adopted a policy of least resistance to violence and gang activity, purposefully and intentionally discriminating against blacks with "table time", "recreation", "phone access" by imposing segregated day-halls

and failing to hold accountable the worst actors. Practices that violate 28 C.F.R. § 42.101 et. Seq. David K. v. Lane 839 F.2d 1265. Yet Singling out Similarly Situated Inmates who write grievances, file lawsuits, or are of a Vulnerable Class and being deprived of Equal protection for the worst abuses, punishments. Warden Long and Wallace have an unparalleled history of subjecting blacks and this Vulnerable Class to Such a history of purposeful unequal treatment. The M.C.C. Policy as instructed by C/O Harris, C/O Stevens, C/O Elder, Lt. Orin and Admin is That the Inmates run the phones, tables and Staff. Turpin v. Mallet 619 F.2d 196, 201 n.5 (2d Cir.) "an even stronger case for imposing liability for inaction occurs when the municipality fails to remedy a Specific Situation, the Continuation of which Causes deprivation of Const. rights. People Continue to die, and be Seriously assaulted, and Supportive instances reflect racial discrimination, and unbridled bias and prejudice. <u>Means v. Chicago, 535 F. Supp. 455.</u> Warden Long and Captain Wallace with knowledge and Intentional Conduct Singled out a particular group for disparate treatment and Selected Custom and Culture of deliberate indifference and retaliatory harassments for the purpose of Causing its adverse effects on an identifiable group, blacks and Vulnerable Categorized Inmates.

The "Similarly Situated/Situation" Comparison in proving discriminatory intent means that there are no differences between two people that are in Custody or Could explain the different treatment they received. – Johnson v. California, 543 U.S. 499 (2005) Long and Wallace are extremely knowledgeable of Sterling M.C.C. Conditions of racial discrimination and Equal Protection Violations and were intentionally and willfully indifferent to the disproportionate effects of allowing inmate "gangs" to run the M.C.C. Facilitation.

Wellington v. Daniels, 717 F.2d 932, 936 (ca 1983). "a failure to Supervise gives rise to § 1983 liability in those Situations when there is a history of widespread abuse. Only then may knowledge be imputed to the Supervisory personel."

That policy of Supervisory unbridled biased and prejudice includes defendants Long, Novotny, Wallace, Dean Williams liability for S.C.f for failing to intervene in the offices of their Constitutional duties: general failure to train, Supervise, and Control law enforcement, with knowledge of S.C.f. M.C.C's history of a widespread abuse of O.I.G. oversight, Telephone regulations, Professional Standard Investigation, C.O.P.D. Hearings, use of force, Discriminatory harassments, Illegal retaliations, I.e. United States v. Classic, 61 S.Ct. 1031-18 U.S.C.S. § 52. "Subjecting any inhabitant to the deprivation of rights Secured by the U.S. Constitution, to two different punishments on account of alienage, Color, or race than are proscribed for the punishment of Citizens, I.E. Different punishments, pains, or penalties." The defendants knew plaintiff was being harmed and did not respond reasonably. The M.C.C., Sterling Policy and Pattern of practices **willfully and knowingly endanger all M.C.C. population, but disproportionately Blacks and a Vulnerable Class.**

<u>CLAIMS FOR RELIEF:</u>

42 U.S.C. § 1983 8th Amendment Violation – Excessive force, Cruel and Unusual Punishment – Assault by Guards – defendants: Stice, Larimore, ~~[illegible]~~, Harris. For events detailed in Paragraph. 14, 8/21/21

An excessive force Civil Right Claim under the 8th Amend. involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a Constitutional Violation, and (2) a Subjective prong under which the plaintiff must Show that the officials acted with Sufficiently Culpable State of mind. Redmond v. Crowther, 882 F.3d 927, 936 (10th Cir. 2018)

To determine whether prison officials applied force Maliciously and Sadistically

or rather, in good faith, on an 8th Amendment Civil right Claim, a Court Considers (1) The need for the force, and (2) whether the officers used a disproportionate amount of force. Id.

### Second Claim For Relief

42 U.S.C. § 1983 - 8th Amendment Violation - Deliberate Indifference / failure to protect. Intentional Infliction of pain and Suffering.

Against - Dean Williams, Grace Novotny, Sgt. Stice, Sgt. Soto, Clinician Soto, Clinician Merick, Clinician Benton, Lt. Mindi Trujillo, Captain Wallace, Jeff Long - (for actions attributed to each defendant herein the Complaint.)

A prison official acts with "deliberate indifference" as an element of a Conditions-of-Confinement Civil rights Claim under the 8th Amendment, when (s)he knows of and disregards an excessive risk to inmate health or Safety; the official must both be aware of facts from which the inference Could be drawn that a Substantial risk of Serious harm exists, and (s)he must also draw the inference. Redmond V. Crowther, 882 F.3d 927, 936 (10th Cir. 2018).

To Establish Cognizable Eighth Amendment Claim for failure to protect [an inmate from harm by other Inmates], the plaintiff must Show that he is incarcerated under Conditions posing a Substantial risk of Serious harm[,] the objective Component, and that the prison official was deliberately indifferent to his Safety, the Subjective Component. Smith V. Cummings 445 F.3d 1254, 1258 (10th Cir. 2006) Quoting Verdica V. Adams 327 F.3d 1171, 1175 (10th Cir. 2003). Deliberate Indifference in this Context is equivalent to recklessness. Id.

### Third Claim For Relief

42 U.S.C. § 1983 - Retaliation for Protected First Amendment Activity. - Against Osvaldo Soto, Clinician Benton, Nathan Larimore, Sgt. Soto, Lt. Mindi Trujillo, Captain Wallace, Co Harris, Sgt. Stice, Jeff Long.)

Further exorbitant direct evidence of retaliation is found in plaintiff's PREA file.

Acts attributed to retaliation attributed to each defendent herein Claims/Complaint, Intentional Infliction of pain and Suffering under the 8th Amendment indifference.

E. **PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  ✓ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):  ① Wilson V. Falk
② Wilson V. Johnson

Docket number and court: _____

Claims raised:  ① failure to protect
② retaliation, excessive force.

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)  ① dismissed
② pending

Reasons for dismissal, if dismissed:  Summary Judgement (for not filing grievance in time)

Result on appeal, if appealed: _____

F. **ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

  ✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

  ✓ Yes ___ No (*check one*)

### G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Appropriate declaratory and other injunctive and/or equitable relief;

Compensatory and Consequential damages for physical harm, physical injuries, emotional distress, psychological trauma, humiliation, loss of enjoyment of life, and other pain and suffering on all Claims allowed by law in an amount to be determined at trial.

all economic losses on all Claims allowed by law;

Punitive damages on all Claims allowed by law and in an amount to be determined at trial;

Attorneys' fees and Costs associated with this action on all Claims allowed by law;

Any further relief that this Court deems just and proper, and any other relief as allowed by law.

X. Request For Trial by Jury.

### H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

11/22/21
(Date)

(Form Revised December 2017)

Original of this form was provided by the CODOC Legal Access Program at no cost to Offender Wilson, T #117681 on October 6, 2021

    4.    If you are proceeding pursuant to 28 U.S.C. § 1915 and the motion, affidavit, and certified copy of your trust fund account statement (or institutional equivalent) are in proper form, you must pay the full $350.00 filing fee in monthly installments. *See* 28 U.S.C. § 1915(b)(1). The Court will enter an order directing your custodian to calculate and disburse funds from you inmate trust fund account or institutional equivalent in the amounts specified by 28 U.S.C. § 1915(b) until the full $350.00 filing fee is paid.

**The Complaint**

    1.    Each named defendant must be listed in the caption of the complaint, one defendant per line. If there is more than one defendant, you should indicate clearly in the body of the complaint which actions are attributable to each defendant.

    2.    You must provide the Court with an original complaint. You should keep a copy of the complaint for your own records. The Court will not provide a copy for you.

    3.    When your complaint is completed, it should be mailed with the filing fee or motion for leave to proceed pursuant to 28 U.S.C. § 1915 to the Clerk of the United States District Court at the following address:

> Clerk of the Court
> Alfred A. Arraj United States Courthouse
> 901 19th Street, Room A105
> Denver, CO 80294-3589

    4.    Each original document (except the original complaint) must include a certificate stating the date a copy of the document was mailed to the opposing party or his, her, or its attorney and the address to which it was mailed. Any document that fails to include a certificate of service may be disregarded by the Court or returned. An example of a certificate of service is:

> I hereby certify that a copy of the foregoing pleading/document was mailed to _____ (defendant(s) or counsel for defendant(s)) at _____ (address) on _____, 20__.
>
> _____
> Plaintiff's Original Signature

    5.    The United States district judges, the United States magistrate judges, the Clerk of the Court, and deputy clerks are officers of the Court and are prohibited from giving legal advice. Legal questions should be directed to an attorney.

(Rev. 8/24/15)      2

