IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-03207-CMA-NRN

TERANCE DEJUAN WILSON,

    Plaintiff,

v.

JEFF LONG, Warden, S.C.F.,
DEAN WILLIAMS, Executive Director, CDOC,
OSVALDO SOTO, C.S.P.,
CO. NATHAN LARIMORE, C.C.F.,
SGT. SOTO, C.C.F.,
GRACE NOVOTNY, DOC OIG Chief Investigator,
CLINICIAN MERICK, C.C.F.,
CLINICIAN BENTON, C.C.F.,
LT. MINDI TRUJILLO, C.C.F.,
CO. HARRIS, C.C.F.,
CAPTAIN WALLACE, S.C.F., and
SGT. STICE, C.C.F.,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the July 28, 2022 Recommendation of United States Magistrate Judge (Doc. # 62), wherein Magistrate Judge N. Reid Neureiter recommends this Court (1) deny Plaintiff Terance D. Wilson's Motion for Leave to File Amended Complaint (Doc. # 54); (2) deny Mr. Wilson's "Motion for Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order" (Doc. # 47); and (3) grant in part and deny in part Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. #

25). Mr. Wilson timely filed an objection (Doc. # 67), and Defendants also submitted an "Objection/Request for Clarification" regarding the Recommendation (Doc. # 73). For the following reasons, the Court affirms and adopts the Recommendation.

I. **BACKGROUND**

The factual and procedural background of this case is set out at length in Judge Neureiter's Recommendation, which the Court incorporates herein. *See* 28 U.S.C. 636(b)(1)(B); Fed. R. Civ. P. 72(b). To summarize, this case is the latest chapter in a series of grievances and lawsuits that Mr. Wilson has filed related to his conditions of confinement since he was incarcerated in 2011. *See, e.g.*, *Wilson v. Falk*, 877 F.3d 1204, 1207 (10th Cir. 2017). Mr. Wilson, who was convicted of killing an alleged member of the Surenos gang, alleges that guards and employees of the Colorado Department of Corrections ("CDOC") have failed to protect him from violent retaliation and have encouraged other inmates to assault him.

Mr. Wilson filed the instant case asserting three claims for relief under 42 U.S.C. § 1983 on November 29, 2021. (Doc. # 1.) First, he alleges an Eighth Amendment excessive force and cruel and unusual punishment claim against Defendants Stice, Larimore, and Harris related to an alleged assault on August 21, 2021. (*Id.* at 11–12.) Second, he alleges an Eighth Amendment deliberate indifference claim against all defendants for failing to protect him from harm by other inmates. (*Id.* at 12.) Finally, he

alleges a claim for retaliation for protected First Amendment activity against Defendants Bitton,[1] Larimore, Trujillo, Wallace, Harris, Stice, Long, and both Sotos. (*Id.*)

Defendants filed their Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. # 25) on February 22, 2022. On May 6, 2022, Mr. Wilson filed an "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" (Doc. # 47), requesting immediate injunctive relief "to correct an ongoing current violation of my rights, inadequate medical care, persistent facilitated assaults, a pattern of guard brutality and harassment, and extremely harsh unconstitutional conditions." On June 24, 2022, Mr. Wilson filed a Motion for Leave to File Amended Complaint (Doc. # 54) to assert several new causes of action and add new defendants. This Court referred all three motions to Judge Neureiter (Doc. ## 27, 48, 55), who entered his Recommendation on July 28, 2022 (Doc. # 62).

Judge Neureiter first recommends denying Mr. Wilson's Motion for Leave to File Amended Complaint (Doc. # 54) on grounds of undue delay, prejudice to Defendants, and futility. (Doc. # 62 at 8.) Next, Judge Neureiter recommends denying Mr. Wilson's "Motion for Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order" (Doc. # 47) on the basis that Mr. Wilson has not met his burden of showing a likelihood of irreparable harm. (Doc. # 62 at 10–12.) Finally, Judge Neureiter recommends granting in part and denying in part Defendants' Motion to Dismiss. (Doc. # 25.) He recommends granting the Motion to Dismiss with respect to Mr. Wilson's

---

[1] Judge Neureiter notes that Defendant Clinician [Luke] Bitton is incorrectly identified as Clinician Benton C.C.F. in the caption. Defendant Clinician [Ashley] Merritt is also incorrectly identified as Clinician Merick, C.C.F. in the caption. (Doc. # 62 at 1–2.)

3

excessive force Eighth Amendment claim against Defendants Stice, Larimore, and Harris because the claim has not been sufficiently pled. (Doc. # 62 at 17–18.) For Mr. Wilson's Eighth Amendment deliberate indifference claim, Judge Neureiter recommends dismissing the claim against Defendants Merritt, Bitton, Williams, Novotny, Long, Wallace, Stice, Harris, and Trujillo because the complaint does not sufficiently allege their personal participation or otherwise fails to state a claim. (*Id.* at 19–21, 23.) However, Judge Neureiter recommends denying in part the Motion to Dismiss because he finds that the complaint sufficiently states a claim for deliberate indifference/failure to protect against Defendants O. Soto, Sgt. Soto, and Larimore. (*Id.* at 21–23.) Lastly, regarding Mr. Wilson's First Amendment retaliation claim, Judge Neureiter recommends granting the Motion to Dismiss with respect to Defendants Bitton, Trujillo, Wallace, Harris, Long, and O. Soto and denying the Motion as to Defendants Larimore, Stice, and Sgt. Soto. (*Id.* at 24–25.)

Mr. Wilson timely filed a two-page, non-specific objection to the Recommendation (Doc. # 67), and Defendants submitted their Response. (Doc. # 72). Defendants also filed a short "Objection/Request for Clarification Regarding the Report and Recommendation," wherein Defendants seek clarification on a few matters in the summation of the Recommendation but otherwise raise no objection. (Doc. # 73.)

## II.  LEGAL STANDARDS

### A.  REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter or a motion for injunction relief, Federal Rule of Civil Procedure 72(b)(3) requires that the

4

district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

In order to be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is proper if it is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (internal quotation marks omitted).

B. **CONSTRUCTION OF *PRO SE* PLEADINGS**

Because Mr. Wilson proceeds *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not

"supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). Nor does *pro se* status entitle a litigant to an application of different rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### III.     DISCUSSION

#### A.     MR. WILSON'S OBJECTION

As an initial matter, the Court finds that Mr. Wilson's two-page objection is improper due to lack of specificity. The objection fails to identify any factual or legal errors in the Recommendation, and it fails to provide any legitimate basis for rejecting the Recommendation. Further, the Court notes that Mr. Wilson appears to agree with Judge Neureiter's analysis of his Motion for Leave to File Amended Complaint—Mr. Wilson concedes that "after reading the report and recommendations, the complaint was in haste and was certainly difficult" and he "was not fully prepared." (Doc. # 67 at 1.) In addition, Mr. Wilson writes that he is now "removed from a constant condition of torture and terror" (*id.* at 2), apparently due to his being transferred from Sterling Correctional Facility to the Colorado State Penitentiary in Cañon City. *See* (*id.*) (noting change of address); (Doc. # 72 at 2.) This indicates that there is no longer a need for Mr. Wilson's request for injunctive relief and temporary restraining order. (Doc. # 47.)

Turning to Judge Neureiter's Recommendation regarding Defendants' Motion to Dismiss, Mr. Wilson registers his objection and rehashes prior arguments, but he identifies no errors in Judge Neureiter's analysis. Such an objection is insufficiently specific to trigger *de novo* review. *See Price v. Reed*, 246 F. App'x 566, 569–70 (10th

Cir. 2007) (habeas petitioner's objections that merely "registered his dissatisfaction" with the recommendation without specifying any improperly handled issue of law or fact were insufficiently specific to warrant *de novo* review); *Vann v. Broaddus*, No. 06-cv-01774-MSK-KLM, 2009 WL 1537955, at *2 (D. Colo. May 31, 2009) ("[S]imply saying 'I object' or referring back to prior briefing fails to meet the requirement of specificity."). Further, even if Mr. Wilson had invoked *de novo* review, the Court would nevertheless find his objections to be without merit. The Court has reviewed the Recommendation and other relevant filings in detail, and it finds the Recommendation to be well reasoned and legally correct. *See* Fed. R. Civ. P. 72. The Court therefore overrules Mr. Wilson's objections.

B.  **DEFENDANTS' REQUEST FOR CLARIFICATION**

Defendants timely filed an "Objection/Request for Clarification Regarding the Report and Recommendation of the Magistrate Judge." (Doc. # 73.) Defendants raise no objections to the Recommendation, but rather seek clarification on a few discrepancies between the summation of the Recommendation and the findings and determinations within the body of the Recommendation:

- Defendants seek to clarify that in the body of the Recommendation, Judge Neureiter determined that the complaint failed to state a claim for Eighth Amendment deliberate indifference against Defendant Stice, but the summation recommended granting the motion to dismiss that claim only with respect to Defendants Williams, Novotny, O. Soto, Merritt, Benton, Trujillo Wallace, and Long. *Compare* (Doc. # 62 at 23) *with* (*id.* at 27.) The Court

- agrees that the motion to dismiss should be granted as to the deliberate indifference claim against Defendant Stice.

- Next, Defendants note that Judge Neureiter determined that Defendant O. Soto was not entitled to qualified immunity at this stage of the proceeding with respect to the Eighth Amendment deliberate indifference claim, but the summation incorrectly states that the motion to dismiss should be granted as to that claim against Defendant O. Soto. Apart from identifying this discrepancy, Defendants raise no objection. The Court agrees that the motion to dismiss should be denied with respect to the Eighth Amendment deliberate indifference claim against Defendant O. Soto.

- Finally, Defendants note that the summation does not address whether the Motion to Dismiss should be granted or denied as to the First Amendment retaliation claim against Defendant O. Soto. However, in the body of the Recommendation, Judge Neureiter recommends that the Motion to Dismiss be granted as to that claim against Defendant O. Soto for failure to state a claim. The Court agrees that the Motion to Dismiss should be granted with respect to the First Amendment retaliation claim against Defendant O. Soto.

Aside from clarifying these aspects of Judge Neureiter's Recommendation, Defendants do not object to the Recommendation.

The Court has carefully reviewed all relevant briefing, the applicable law, the Recommendation, and Mr. Wilson's objections. Having done so, the Court is satisfied that Judge Neureiter's Recommendation is sound and not clearly erroneous or contrary

to law. *See* Fed. R. Civ. P. 72. The Court therefore affirms and adopts the Recommendation.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- The July 28, 2022 Report and Recommendation of United States Magistrate Judge (Doc. # 62) is AFFIRMED and ADOPTED as an Order of this Court;
- Plaintiff's Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (Doc. # 47) is DENIED as moot;
- Defendants' Motion to Dismiss for Failure to State a Claim (Doc. # 25) is GRANTED IN PART and DENIED IN PART. It is:
    - GRANTED as to the Eighth Amendment excessive force claim against Defendants Stice, Larimore, and Harris;
    - GRANTED as to the Eighth Amendment deliberate indifference/failure to protect claim against Defendants Long, Williams, Novotny, Merritt, Bitton, Trujillo, Harris, Wallace, and Stice;
    - GRANTED as to the First Amendment retaliation claim against Defendants Bitton, Trujillo, Wallace, Harris, O. Soto, and Long;
    - DENIED as to the Eighth Amendment deliberate indifference/failure to protect claim against Defendants O. Soto, Sgt. Soto, and Larimore; and
    - DENIED as to the First Amendment retaliation claim against Defendants Sgt. Soto, Larimore, and Stice.

Accordingly, it is FURTHER ORDERED that

- Plaintiff's Eighth Amendment excessive force claim is DISMISSED WITHOUT PREJUDICE;[2]

- Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Long, Williams, Novotny, Merritt, Bitton, Trujillo, Harris, Wallace, and Stice is DISMISSED WITHOUT PREJUDICE; and

- Plaintiff's First Amendment retaliation claim against Defendants Bitton, Trujillo, Wallace, Harris, Long, and O. Soto is DISMISSED WITHOUT PREJUDICE.

- Plaintiff's Motion for Leave to File Amended Complaint (Doc. # 54) is DENIED because the proposed amended complaint asserts several new claims against new defendants. However, Plaintiff shall have thirty (30) days from the date of this Order to file a motion for leave to amend, together with a proposed amended complaint correcting the pleading deficiencies identified in the Recommendation, otherwise his claims will be dismissed with prejudice. Plaintiff is advised that this is not an invitation to assert new claims against new defendants, but rather an opportunity to cure the deficiencies identified in the existing complaint.

DATED: August 30, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge

---

[2] When a plaintiff proceeds *pro se*, dismissal with prejudice is appropriate only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).