IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-03207-CMA-NRN

TERANCE D. WILSON,

    Plaintiff,

v.

JEFF LONG, Warden, S.C.F.,
DEAN WILLIAMS, Executive Director, CDOC,
OSVALDO SOTO, C.S.P.,
CO. NATHAN LARIMORE, C.C.F.,
SGT. SOTO, C.C.F.,
GRACE NOVOTNY, DOC OIG Chief Investigator,
CLINICIAN MERICK, C.C.F.,
CLINICIAN BENTON, C.C.F.,
LT. MINDI TRUJILLO, C.C.F.,
CO. HARRIS, C.C.F.,
CAPTAIN WALLACE, S.C.F., and
SGT. STICE, C.C.F.,

    Defendants.

---

## ORDER OVERRULING OBJECTION AND AFFIRMING ORDER OF UNITED STATES MAGISTRATE JUDGE

---

    This matter is before the Court on Plaintiff Terance Wilson's Objection (Doc. # 89) to United States Magistrate Judge N. Reid Neureiter's Order (Doc. # 74) denying Mr. Wilson's Motion for Appointment of Counsel (Doc. # 70). For the following reasons, the Court overrules Mr. Wilson's Objection.

    When a magistrate judge issues an order on non-dispositive matters, "[a] party may serve and file objections to the order within 14 days after being served with a copy."

Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Under the clearly erroneous standard, the Court must affirm a Magistrate Judge's decision unless the Court finds that the Magistrate Judge abused his or her discretion or, if after reviewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza v. U.S. West. Comms., Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

In this case, Mr. Wilson, who is an incarcerated *pro se* plaintiff, filed his Motion for Appointment of Counsel on August 18, 2022.[1] (Doc. # 70.) During a telephonic status conference held on August 25, 2022, Judge Neureiter denied Mr. Wilson's motion. (Doc. # 74.) Mr. Wilson did not file the instant "Objection/Appeal" of Judge Neureiter's denial of his motion until several months later, on December 23, 2022. (Doc. # 89.)

---

[1] Because Mr. Wilson proceeds *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008); *see Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (holding that "the firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)"). The firm waiver rule provides that "[t]he failure to timely object . . . waives appellate review of both factual and legal questions." *Duffield*, 545 F.3d at 1237. There is no dispute in this case that Mr. Wilson's Objection/Appeal is untimely and that he has waived review of the order denying his motion to appoint counsel.

Nonetheless, the Court has reviewed Mr. Wilson's Motion for Appointment of Counsel (Doc. # 70) and the August 25, 2022 telephonic status conference (Doc. # 74) and is satisfied that Judge Neureiter properly denied the motion. During the status conference, Judge Neureiter observed that he had appointed counsel for Mr. Wilson in a different pending case but Mr. Wilson had discharged that counsel. Judge Neureiter stated that "there was some justification for appointment of counsel before," but he ruled that Mr. Wilson's motion in the instant case should be denied.

A civil litigant has no Sixth Amendment right to counsel. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). However, the Court has discretion to appoint counsel to an indigent party in a civil case. *Id.*; *see* 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel, the Court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the

3

claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The Tenth Circuit has "stressed the necessity for the district court 'to give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Judge Neureiter did not address these factors on the record or in any written order. However, the Court has carefully reviewed Mr. Wilson's motion and finds that, as matters stood in August 2022, Mr. Wilson did not present circumstances that evinced a critical need for appointment of counsel. (Doc. # 70.) Mr. Wilson reported that his imprisonment "will greatly limit his ability to litigate" and cited his limited access to the law library. (*Id.*) However, Mr. Wilson did not identify with specificity any particularly complex legal issue or impediment to his ability to investigate crucial facts. *See Williams*, 926 F.2d at 996; *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). Under those circumstances, the court was well within its discretion to decline to appoint counsel.

That being said, the Court is aware that this case has progressed several months since the date of Mr. Wilson's original motion. In his Objection, Mr. Wilson makes new arguments that he requires the assistance of counsel for matters relating to expert witnesses.[2] While the Court declines to address the merits of Mr. Wilson's untimely arguments, the Court notes that Mr. Wilson is not precluded from seeking appointment of counsel later should it appear that this case is heading for trial or if other relevant circumstances arise.

---

[2] Mr. Wilson recently filed a Motion for Appointment of Expert Witnesses (Doc. # 90), which this Court referred to Judge Neureiter.

5

For the foregoing reasons, it is ORDERED that Plaintiff's Objection/Appeal (Doc. # 89) is OVERRULED.

DATED: January 17, 2023

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge