IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03207-CMA-NRN

TERANCE D. WILSON,

Plaintiff,

v.

JEFF LONG, Warden, S.C.F.,
DEAN WILLIAMS, Executive Director, CDOC,
OSVALDO SOTO, C.S.P.,
CO. NATHAN LARIMORE, C.C.F.,
SGT. SOTO, C.C.F.,
GRACE NOVOTNY, DOC OIG Chief Investigator,
CLINICIAN MERICK, C.C.F.,
CLINICIAN BENTON, C.C.F.,
LT. MINDI TRUJILLO, C.C.F.,
CO. HARRIS, C.C.F.,
CAPTAIN WALLACE, S.C.F., and
SGT. STICE, C.C.F.,

Defendants.

---

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (Dkt. #80)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This prisoner civil rights case is before the Court pursuant to an Order (Dkt. #81)

issued by Judge Christine M. Arguello referring Plaintiff's Motion for Leave to File an

Amended Complaint (Dkt. #80). Defendants filed a response (Dkt. #82), and Plaintiff

filed a reply (Dkt. #83). On October 18, 2022, the Court heard argument from the parties

(Dkt. #84).

The Court has taken judicial notice of the docket and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court **RECOMMENDS** that the subject motion be **DENIED**.

## PROCEDURAL HISTORY

Mr. Wilson is an inmate in the custody of the Colorado Department of Corrections ("CDOC") and proceeds pro se.[1] He initiated this lawsuit on November 29, 2021. (Dkt. #1.) Mr. Wilson alleges guards and other CDOC employees have encouraged other inmates to assault him, and assaulted him themselves, due to Mr. Wilson's history of filing grievances and lawsuits related to his conditions of confinement.

Defendants filed a motion to dismiss on February 22, 2022. (Dkt. #22.) Well after that motion was fully briefed, Mr. Wilson moved on June 24, 2022 to amend to add several new defendants and causes of action. (Dkt. ##54, 54-1.)

On August 30, 2022, Judge Arguello issued an Order (Dkt. #75) affirming and adopting the undersigned's Report and Recommendation (Dkt. #62) denying leave to amend and granting in part the motion to dismiss such that the only claims remaining are an Eighth Amendment Deliberate Indifference/Failure to Protect claim against Defendants O. Soto, Sgt. Soto, and C.O. Larimore, and a First Amendment Retaliation

---

[1] Because Mr. Wilson proceeds pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). Nor does pro se status entitle a litigant to an application of different rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

claim against Defendants Sgt. Soto, C.O. Larimore, and Sgt. Stice. Judge Arguello further ordered that

> Plaintiff shall have thirty (30) days from the date of this Order to file a motion for leave to amend, together with a proposed amended complaint correcting the pleading deficiencies identified in the Recommendation, otherwise his claims will be dismissed with prejudice. Plaintiff is advised that this is not an invitation to assert new claims against new defendants, but rather an opportunity to cure the deficiencies identified in the existing complaint.

(Dkt. #75 at 10.)

Plaintiff timely filed the subject motion on September 15, 2022.

## ANALYSIS

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs a trial court to "freely give leave [to amend a complaint] when justice so requires." It is a rule intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Mintowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). With respect to pro se plaintiffs in particular, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. "In addition, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Id.* at 1110 n.3.

The Court rejected Mr. Wilson's first request to amend for several reasons. First, the motion was untimely given that it was filed several months after Defendants filed their motion to dismiss and no justification was offered for the delay. (Dkt. #62 at 6–7.) Second, the Court determined that Defendants would be prejudiced if Mr. Wilson were

given leave to amend because new complaint raised significant new factual allegations. (*Id.* at 7.) The Court noted that Mr. Wilson, "a seasoned pro se litigant and a prolific filer," habitually moves to amend time and again to avoid an adjudication on the merits of his claims. (*Id.*) Finally, the Court determined that Mr. Wilson's proposed amendments would be futile because they would be subject to dismissal under Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (*Id.* at 8.)

In his latest motion, Mr. Wilson argues that the proposed amendments "are not new claims against new defendants." (Dkt. #80 at 1.) Even the most cursory review of the proposed pleading gives the lie to this claim. The very first claim asserts a new claim for relief (for *Monell* liability) against a new defendant (the CDOC). (Dkt. #80-1 ¶¶ 1–23.) Mr. Wilson also asserts a claim under the Equal Protection Act that was not contained in the original complaint. (*Id.* ¶¶ 37–52.) And, as in his first proposed amended complaint, Mr. Wilson again seeks redress for incidents that occurred well after those described in the original complaint. For example, Mr. Wilson cites events in January and July of 2022, and complains generally that he "was subjected to a year from Sept. 1 2021—Sept. 1 2022 of reprisals, assault, violence, threats, discrimination." (*Id.* ¶ 29, 33, 63.) Mr. Wilson's disregard of Judge Arguello's explicit instruction to not assert new claims against new defendants is reason enough to deny the motion to amend.

Moreover, Mr. Wilson did not cure the deficiencies of the claims that were asserted and already dismissed by the Court. For example, Mr. Wilson's excessive

4

force claim against Defendants Stice, Larimore, and Harris, based on an incident that occurred on August 21, 2021, was dismissed because Mr. Wilson did not describe the alleged assault in any detail such that the Court could determine the amount of force that was used. (Dkt. #62 at 17–18.) The new pleading does not offer clarification. In fact, this incident is not mentioned at all, and the cruel and unusual punishment claim is brought against an entirely different set of defendants and is based on different facts.

This leads to the final problem with the proposed amended complaint. The Court previously noted that Mr. Wilson is in the practice of filing "rambling" pleadings that feature "nonlinear, hard-to-follow narrative[s]." (Dkt. #62 at 5.) His proposed amendments do not cure that deficiency. Thus, the Court finds that amendment should also be denied as futile because the proposed pleading would be subject to dismissal under Rule 8. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (while allowance may be made for some deficiencies in a pro se pleading, such as failure to cite appropriate legal authority or confusion of legal theories, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

Mr. Wilson should not be given leave to amend. The case should go forward on only on the Eighth Amendment deliberate indifference/failure to protect claim against Defendants O. Soto, Sgt. Soto, and Larimore, and the First Amendment retaliation claim against Defendants Sgt. Soto, Larimore, and Stice.

## RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. #80) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:        January 19, 2023
                  Denver, Colorado

_____
N. Reid. Neureiter
United States Magistrate Judge