**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 21-cv-03207-CMA-NRN

TERANCE DEJUAN WILSON,

     Plaintiff,

v.

JEFF LONG, Warden, S.C.F.,
DEAN WILLIAMS, Executive Director, CDOC,
OSVALDO SOTO, C.S.P.,
CO. NATHAN LARIMORE, C.C.F.,
SGT. SOTO, C.C.F.,
GRACE NOVOTNY, DOC OIG Chief Investigator,
CLINICIAN MERICK, C.C.F.,
CLINICIAN BENTON, C.C.F.,
LT. MINDI TRUJILLO, C.C.F.,
CO. HARRIS, C.C.F.,
CAPTAIN WALLACE, S.C.F., and
SGT. STICE, C.C.F.,

     Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE**

---

     This matter is before the Court on the January 19, 2023 Recommendation of

United States Magistrate Judge (Doc. # 96), wherein Magistrate Judge N. Reid

Neureiter recommends this Court deny Plaintiff Terance Wilson's Motion for Leave to

File an Amended Complaint (Doc. # 80). For the following reasons, the Court affirms

and adopts the Recommendation.

Previously, in an Order dated August 30, 2022 (Doc. # 75), the Court affirmed and adopted Judge Neureiter's Report and Recommendation (Doc. # 62) denying leave to amend and granting in part Defendants' Motion to Dismiss (Doc. # 25). In the August 30, 2022 Order, this Court stated:

> Plaintiff shall have thirty (30) days from the date of this Order to file a motion for leave to amend, together with a proposed amended complaint correcting the pleading deficiencies identified in the Recommendation, otherwise his claims will be dismissed with prejudice. Plaintiff is advised that this is not an invitation to assert new claims against new defendants, but rather an opportunity to cure the deficiencies identified in the existing complaint.

(Doc. # 75 at 10.) Plaintiff[1] timely filed a Motion for Leave to Amend (Doc. # 79) on September 15, 2022. Judge Neureiter now recommends denying Plaintiff's motion because the proposed amended complaint fails to cure the deficiencies identified in the complaint and impermissibly asserts new claims against new defendants. (Doc. # 96.)

"[T]he district court is accorded considerable discretion with respect to the treatment of unchallenged magistrate reports. In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended

---

[1] Because Mr. Wilson proceeds *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). Nor does *pro se* status entitle a litigant to an application of different rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings")).

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 96 at 6.) No party has filed any objection, and the time to do so has now expired.

Having reviewed the Recommendation, the relevant portions of the record, and applicable legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court ORDERS as follows:

- The January 19, 2023 Recommendation of United States Magistrate Judge (Doc. # 96) is AFFIRMED and ADOPTED as an Order of this Court; and

- Plaintiff's Motion for Leave to File an Amended Complaint (Doc. # 80) is DENIED.

- Accordingly, this case shall proceed only as to (1) Plaintiff's Eighth Amendment deliberate indifference/failure to protect claim against Defendants O. Soto, Sgt. Soto, and Lairmore; and (2) Plaintiff's First Amendment retaliation claim against Defendants Sgt. Soto, Lairmore, and Stice.

- Plaintiff's remaining claims, as set forth in this Court's August 30, 2022 Order (Doc. # 75 at 10), are DISMISSED WITH PREJUDICE.

- Defendants Long, Williams, Novotny, Merritt, Bitton, Trujillo, Harris, and Wallace are DISMISSED from this action.[2]

DATED:  February 13, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge

---

[2] This Court has previously noted that Defendant Clinician [Luke] Bitton is incorrectly identified as Clinician Benton C.C.F. in the caption, and Defendant Clinician [Ashley] Merritt is also incorrectly identified as Clinician Merick, C.C.F. in the caption. *See* (Doc. # 75 at 3; Doc. # 62 at 1–2.)